| | |
|---|---|
| **DAVISSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6189** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | **SECTION: "G"(5)** |

**ORDER**

This litigation arises out of Plaintiff Sharon Davisson's ("Plaintiff") claim for damages allegedly sustained when an automobile collision occurred between her and motorist Earnest Copeland ("Copeland").[1] Plaintiff originally filed this action in the 22nd Judicial District Court for the Parish of St. Tammany on May 8, 2017, against Defendant State Farm Automobile Insurance Company ("Defendant").[2] Defendant removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Upon review of this matter, it came to the Court's attention that the Court may not have subject matter jurisdiction over this matter. Even though Plaintiff has not filed a motion to remand, "federal courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*."[4] The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[5]

On June 28, 2017, the Court ordered Defendant to submit summary-judgment-type

---

[1] Rec. Doc. 1 at 4.

[2] Rec. Doc. 1-1 at 4.

[3] Rec. Doc. 1 at 1.

[4] *Union Planters Bank Nat'l Assoc. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[5] 28 U.S.C. § 1447(c).

evidence regarding the amount in controversy at the time of removal of this case for the purpose of establishing subject matter jurisdiction.[6] On July 7, 2017, Defendant filed a memorandum as to the amount in controversy.[7] For the reasons that follow, the Court finds that Defendants have not established by a preponderance of the evidence that the amount in controversy at the time of removal exceeded $75,000. Therefore, the Court lacks subject matter jurisdiction over the above-captioned matter and hereby remands it to state court.

## I. Background

### A.  Factual Background

In the petition for damages, Plaintiff alleges that on May 28, 2015, she was traveling in a vehicle heading east bound on Gause Boulevard in the Parish of St. Tammany, when Copeland allegedly pulled into Plaintiff's lane and caused a collision.[8] According to Plaintiff, on May 6, 2016, Copeland's insurer, Allstate Property and Casualty Insurance Company, accepted full liability for the incident and tendered the full policy amount of $15,000.00.[9]

Plaintiff avers that she held a policy of uninsured/underinsured liability insurance issued to her by Defendant.[10] Plaintiff avers that on July 1, 2016, she sent Defendant medical records and bills from Northlake Neurological and Dr. James Butler.[11] According to Plaintiff, the records include cervical lumbar MRI reports showing injuries that demonstrate Lumbar disc bulges at multiple levels and an annular tear at L3–L4 and injuries to her cervical spine at multiple levels

---

[6] Rec. Doc. 7.

[7] Rec. Doc. 8.

[8] Rec. Doc. 1-1 at 4.

[9] *Id.* at 5.

[10] *Id.* at 4.

[11] *Id.* at 6.

including a C6–C7 central disc protrusion indenting the anterior thecal sac.[12] On July 20, 2016, Plaintiff asserts that she sent Defendant medical records and bills from Southern Surgical and Dr. Jeff S. Redmond showing the same injuries.[13]

Plaintiff avers that under Louisiana Revised Statutes §§ 22:1892 and 22:1973, Defendant has a legal duty to act in good faith and fair dealing regarding adjustment and payment to Plaintiff for claims arising out of the incident.[14] Plaintiff accordingly alleges that Defendant violated Louisiana law by: (1) failing to timely initiate loss adjustment of her claims; (2) failing to fully pay any and all losses due under the insurance policy; (3) arbitrarily failing to pay amounts due under the policy after receiving "sufficient proof of loss;" (4) failing to timely pay the loss; (5) arbitrarily, capriciously and/or intentionally excluding covered damages in order to pay the Plaintiff less on her claim, despite objective medical evidence; and (6) engaging in other acts of negligence, fraud, and bad faith, which may become known through discovery.[15] Plaintiff further alleges that Defendant's "actions in this matter have also caused [her] emotional distress and mental anguish."[16]

## B. *Procedural Background*

On May 8, 2017, Plaintiff filed a petition for damages against Defendant in the 22nd Judicial District Court for the Parish of St. Tammany.[17] On June 26, 2017, Defendant removed the

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 6.

[15] *Id.* at 7.

[16] *Id.*

[17] *Id.* at 4.

case to this Court.[18] On June 28, 2017, this Court ordered Defendant to submit jurisdictional briefing to show cause as to why this matter should not be remanded due to Defendant's failure to properly allege jurisdiction.[19] On July 7, 2017, Defendant filed a memorandum as to the jurisdictional amount.[20]

## II. Parties' Arguments

### A.    *Defendant's Notice of Removal*

In the notice of removal, Defendant argues that a defendant may demonstrate that the amount in controversy exceeds $75,000 in either of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or (2) by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.[21] Defendant further argues that "[i]f a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the [p]laintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000."[22] Accordingly, Defendant contends, "Plaintiff's petition and the facts set forth in this removal notice establish that the amount in controversy exceeds [$75,000] dollars."[23]

---

[18] Rec.Doc. 1-1 at 4; Rec. Doc. 1 at 9.

[19] Rec. Doc. 7 at 5.

[20] Rec. Doc. 8 at 16.

[21] Rec. Doc. 1 at 2 (citing *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (internal citation and quotation marks omitted)).

[22] *Id*. (citing *Grant*, 309 F.3d at 869 (internal citation and quotation marks omitted)).

[23] Rec. Doc. 1 at 3.

Defendant avers that the policy it issued to Plaintiff has "UM limits of $350,000/$500,000.[24] According to Defendant, "[w]hen the dispute in controversy concerns the coverage provided by an insurance policy, the object of the litigation is the insurer's total potential liability, including the insurer's contractual liability under that policy plus any penalties allowed by state law.[25]

In determining the amount in controversy, Defendant argues, Louisiana law does not permit plaintiffs to plead a specific dollar amount of damages but requires plaintiffs to generally allege that the claim is less than the requisite amount, if pleading a specific amount of damages is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[26] Defendant contends that Plaintiff did not stipulate in the petition for damages that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.[27] Defendant also describes the nature of Plaintiff's injuries as alleged in her petition and notes that "[i]n addition to damages for pain and suffering, plaintiff is seeking penalties and attorney's fees under Louisiana Bad Faith statutes, La. R.S. 22:1892 and La. R.S. 22:1973."[28] Therefore, Defendant concludes, "this cause of action is removable to the Eastern District of the United States District Court."[29]

---

[24] *Id.*

[25] *Id.* (citing *M&M Mach. Shop v. State Farm Fire & Cas. Co.*, 06-10450, 2007 U.S. Dist. LEXIS 7277 at *5 (E.D. La. Feb. 1, 2007) (internal citation omitted)).

[26] *Id.* (citing La. C.C.P. art. 893(A)(1)).

[27] *Id.* at 3–4.

[28] *Id.* at 4.

[29] *Id.* at 7.

## B.    Defendant's Memorandum Regarding the Amount in Controversy

In the memorandum regarding amount in controversy, Defendant argues that "[t]he inquiry to be conducted by the court in determining whether the removing defendant has established the relevant amount in controversy 'concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks.'"[30] Defendant further argues that "[i]t must appear to a legal certainty that the claim is really less than the jurisdictional amount to justify dismissal."[31] Defendant notes that the actual recovery amount or disclosure of valid defenses in the complaint does not affect the jurisdictional calculus.[32]

Defendant asserts that under Louisiana law, the proper jurisdictional test requires a removing defendant to show that it is "facially apparent that the plaintiff's claims exceed the jurisdictional amount or [set] forth the facts in dispute that the jurisdictional amount is satisfied."[33] Defendant argues that "[i]t is apparent" in this case "from the damages alleged in the petition and the injuries claimed by [P]laintiff" that Plaintiff's claim exceeds $75,000.[34] In support of its "facially apparent" argument, Defendant relies on the Fifth Circuit case, *Gebbia v. Wal-Mart Stores, Inc.*, in which Defendant represents that the Fifth Circuit held that the district court did not

---

[30] Rec. Doc. 8 at 1. (citing *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (internal citation omitted)).

[31] *Id.* (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 289 (1938)).

[32] *Id.*

[33] *Id.* at 2 (citing *Henderson v. Allstate*, 154 F. Supp. 3d 428, 431 (E.D. La. 2015) (Vance, J) (internal citation omitted)).

[34] *Id.* at 3.

err in finding that the jurisdictional amount was satisfied, because in that case, the "allegations support[ed] a substantially larger monetary basis to confer removal jurisdiction."[35]

Defendant describes Plaintiff's alleged injuries sustained because of the incident and subsequent medical treatment.[36] Defendant avers that it has so far received the following medical bills from Plaintiff: (1) a statement in the amount of $4,338.00 from Slidell Memorial Hospital; (2) statements in the amount of $295.52 and $555.38 from Elite Orthopaedic Clinic; (3) a statement in the amount of $3,198.00 from Southern Surgical; (4) a statement in the amount of $852.00 from Access Radiology; (5) a notice of lien from Conduent in the amount of $15,257.78 paid by Cigna, "although many of the charges [for services] appear to relate to plaintiff's husband, who is not a party to this lawsuit;" and (6) a $2,555.06 claim from Blue Cross.[37]

Defendant then cites a string of cases demonstrating that the range of recovery for pain and suffering "for injuries similar to those claimed by plaintiff" may be between $60,000 and $75,000.[38] Thus, Defendant argues, "[t]he range of general damage awards for pain and suffering . . . when combined with claims for medical expenses . . . and potential penalties demonstrates that plaintiff's claims exceed $75,000."[39] Additionally, defendant argues that "[t]he failure of plaintiff to include a statement in her petition that her claims are less than $75,000 is entitled to consideration . . . ."[40] Finally, defendant argues that common-sense inferences drawn from

---

[35] *Id.* (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F. 3d 880, 883 (5th Cir. 2000)).

[36] *Id.* at 3–10.

[37] *Id*. at 9–10.

[38] *Id.* at 10–13.

[39] *Id.* at 13.

[40] *Id.*

Plaintiff's claims and permissible recovery, in conjunction with current medical records, indicate that the claims asserted by Plaintiff exceed the $75,000 jurisdictional amount.[41]

## III. Law and Analysis

### A.  *Legal Standard*

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[42] A federal court has subject matter jurisdiction over an action "where the matter for controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[43] "When removal is based on diversity of citizenship, the diversity must exist at the time of the removal."[44] The removing party bears the burden of demonstrating that federal jurisdiction exists.[45] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[46] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[47]

Pursuant to Fifth Circuit precedent, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether

---

[41] *Id.* at 14–15.

[42] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[43] 28 U.S.C. § 1332(a)(1).

[44] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Prac. and Proc.* § 3723 (1998 ed.)).

[45] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[46] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[47] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

the plaintiff's complaint alleges a specific amount of monetary damages.[48] When the plaintiff alleges a figure in excess of the required amount in controversy, "that amount controls if made in good faith."[49] If the plaintiff pleads less than the jurisdictional amount, this figure will also generally control, barring removal.[50]

However, Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[51] When, as here, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[52] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[53] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[54]

---

[48] *See Allen*, 63 F.3d at 1335.

[49] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[50] *Id.*

[51] See La. Code Civ. P. art. 893.

[52] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[53] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[54] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

*B.* *Analysis*

In its notice of removal, Defendant avers that the policy it issued to Plaintiff has "UM limits of $350,000/$500,000."[55] Defendant cites a non-binding case from the Eastern District of Louisiana in support of the proposition that the insurer's "total potential liability" may include the insurer's contractual liability under a policy.[56] However, liability is nevertheless confined to the amount being sought by a plaintiff. Specifically, the Fifth Circuit has held that when a case "involve[s] the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy."[57]

In the memorandum regarding the amount in controversy, Defendant asserts that its "submission of 'summary judgment type evidence' in the form of Plaintiff's medical records, her medical bills incurred thus far, and her potential medical expenses as indicated by her medical records, along with the damages claimed by the plaintiff in her petition, demonstrate that plaintiff is claiming damages that exceeds [sic] the $75,000 jurisdictional minimum."[58] In support of its argument, Defendant likens the damages in Plaintiff's petition to those in *Gebbia v. Wal-Mart Stores, Inc.*, where the Fifth Circuit held that the district court did not err in denying plaintiff's motion to remand, finding that the jurisdictional minimum was facially apparent from the complaint.[59] However, in *Gebbia*, the plaintiff alleged in her original state court petition that she

---

[55] Rec. Doc. 1 at 3.

[56] *Id.* (citing *M&M Mach. Shop v. State Farm Fire & Cas. Co.,* 06-10450, 2007 U.S. Dist. LEXIS 7277 at *5 (E.D. La. Feb. 1, 2007) (internal citation omitted)).

[57] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

[58] *Id.* at 10.

[59] *Id.* at 3 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000))

sustained multiple injuries to her right wrist, left knee, patella, and upper and lower back and sought damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.[60] In this case, by contrast, Plaintiff's alleged injuries are limited to her neck and back, and Plaintiff does not allege that her injuries were so severe as to interfere with her earning capacity or result in permanent disability and disfigurement.[61] Indeed, Plaintiff's claims are more similar to those brought by the plaintiff in *Simon v. Wal-mart Stores, Inc.*, distinguished by *Gebbia,* where the Fifth Circuit held that it was not facially apparent that the amount of damages would exceed $75,000, where the plaintiff alleged "with little specificity," damages from "less severe physical injuries."[62]

Defendant avers that it has so far received the following medical bills from Plaintiff totaling $27,151.74: (1) a statement in the amount of $4,338.00 from Slidell Memorial Hospital; (2) statements in the amount of $295.52 and $555.38 from Elite Orthopaedic Clinic; (3) a statement in the amount of $3,198.00 from Southern Surgical; (4) a statement in the amount of $852.00 from Access Radiology; (5) a notice of lien from Conduent in the amount of $15,257.78 paid by Cigna, "although many of the charges [for services] appear to relate to plaintiff's husband, who is not a party to this lawsuit;" and (6) a $2,555.06 claim from Blue Cross.[63] However, Defendant acknowledges that many of the charges resulting in a lien amount of $15,357.78 "appear to relate

---

[60] *Gebbia*, 233 F.3d. at 881.

[61] Rec. Doc. 1-1 at 6.

[62] 193 F.3d 848, 850-53 (5th Cir. 1999).

[63] *Id*. at 9–10.

11

to plaintiff's husband, who is not a party to this lawsuit."[64]  As Defendant points out, Plaintiff's husband is not a party to this lawsuit, and even if he were, the Court is not permitted to aggregate damages for the purpose of satisfying the amount in controversy requirement for diversity jurisdiction.[65] Accordingly, medical expenses incurred by Plaintiff's husband will not be included in the calculation of total damages claimed by Plaintiff. However, the exact portion of "the many charges" resulting in the lien amount of $15,357.78 that "appear to relate" to Plaintiff's husband is unclear. If the entire portion relates to Plaintiff's husband, the total medical expenses incurred thus far by Plaintiff is $11,793.96. Thus, the total medical expenses incurred by Plaintiff is equal to or greater than $11,793.96 but less than $27,151.74.

Regarding Plaintiff's potential medical expenses, Defendant does not provide any evidence indicating an estimate of future costs. Rather, Defendant describes in great detail the symptoms, diagnosis, and treatment for Plaintiff's alleged injuries based on the medical records Defendant received prior to removal.[66] Yet, Defendant sets forth no facts indicating to what extent future treatment will occur, or how much such treatment would cost. With respect to treatment that may or may not continue into the future, Defendant states only that Plaintiff was prescribed medication for neuropathic pain, Plaintiff was referred to physical therapy, and a treatment option discussed with Plaintiff included surgery.[67] Moreover, Plaintiff does not allege and Defendant has not produced any evidence of the costs of any treatment or care outside of the medical expenses already

---

[64] *Id*. at 9.

[65] *See Ard v. Transcontinental Gas Pipe Line Corp.*, 138 F.3d 596, 600 (5th Cir.1998) (citing Snyder v. Harris, 394 U.S. 332, (1969)).

[66] *Id.* at 4–9.

[67] *Id.* at 6–9.

incurred, nor have any facts been set forth as to what additional costs may be incurred in the amount of future medical damages.

Defendant also cites to a string of Louisiana state court cases to demonstrate that the range of recovery for pain and suffering "for injuries similar to those claimed by plaintiff" may be between $60,000 and $75,000.[68] However, the burden is on "the removing defendant [to] prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[69] Defendant avers that the Court "may look to similar cases to assist in determining the amount in controversy," but the state court cases cited by Defendant, by comparison, are not determinative and fall short of persuasive analogy.[70] In effect, Defendant offers only a "range of general damage awards for pain and suffering" that Plaintiff could recover, and to that end, "[t]he Fifth Circuit has explained a 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely than not' standard."[71]

Defendant additionally argues that "[t]he failure of plaintiff to include a statement in her petition that her claims are less than $75,000 is entitled to consideration."[72] However, the burden on Defendant "to produce information" that the amount in controversy exceeds $75,000 is an "affirmative" one.[73] The Fifth Circuit has made clear that Plaintiff's "failure to object to removal

---

[68] *Id.* at 10–13.

[69] *Gebbia*, 233 F.3d at 882.

[70] Rec. Doc. 8 at 10–13.

[71] *Thomas v. Travelers Ins. Co.*, 258 F. Supp. 873, 876 (E.D. La. 1966) (West, J.) (citing *Leehans v. Am. Ins. Co.*, 273 F.2d 72, 72 (5th Cir. 1959)).

[72] Rec. Doc. 8 at 13.

[73] *Simon*, 193 F.3d at 851 (holding that defendant "had an affirmative burden to produce information . . . sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000." (internal citation and quotation marks omitted)).

or jurisdiction . . . does not relieve [Defendant] of its burden to support federal jurisdiction at the time of removal."[74]

Finally, Defendant argues that "common-sense inferences about the amount put at stake by injuries the plaintiffs claim" indicate that the amount in controversy exceeds $75,000. Accordingly, Defendant lists Plaintiff's claims but does not set forth any facts from which the Court may draw "common-sense inferences," aside from the medical record which the court has already addressed. Defendant merely cites damages provisions under Louisiana Revised Statute §§ 22:1892(B)(2) and 22:1973(C), but as stated above, the defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[75]

Moreover, Defendant fails to set forth any facts regarding the damages Plaintiff is "more likely than not" seeking under the insurer bad faith statutes.[76] Plaintiff alleges neither facts that would inform what "fifty percent damages on the amount found" is likely to be under Louisiana Revised Statute § 22:1892(B)(2),[77] nor facts that would inform what "two times the damages sustained" is likely to be under Louisiana Revised Statute § 22:1973(C).[78] Given the uncertain

---

[74] Id.

[75] See De Aguilar, 47 F.3d at 1412.

[76] Allen, 63 F.3d at 1329.

[77] La. R.S. 22:1892(B)(2) provides that when failure of an insurer to pay is "found to be arbitrary, capricious, or without probable cause," the insured is entitled to "a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater." However, the Court need only consider the amount equal to fifty percent of damages, as $1,000 will in no event bring the total damages to exceed $75,000.

[78] La. R.S. 22:1973(C) allows a plaintiff to recover "an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." However, the Court need only consider the amount equal to fifty percent of damages, as $5,000 will in no event bring the total damages to exceed $75,000.

amount of Plaintiff's medical bills incurred thus far, which appears to be between $11,793.96 and $27,151.74, and that no amount has been alleged with specificity as to any other claims, the Court cannot infer by "common sense" what any percentage of Plaintiff's damages is likely to be. Even if the Court were to calculate the damages Plaintiff could recover pursuant to the insurer bad faith statutes based on medical expenses incurred thus far, the range would be from $29,484.90 to $67,879.35. Added to the medical expenses incurred thus far, Plaintiff's damages could fall anywhere between $41,278.86 and $95,031.09.

As previously stated, in showing that the amount in controversy has been met, the burden is upon the removing party to set forth specific facts that prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[79] In light of all the evidence, Defendant has not demonstrated by a preponderance of the evidence that Plaintiff's claims, if proven, would fall in the range of damages in excess of the jurisdictional minimum. Defendant submits only evidence that appears to show that Plaintiff has incurred a minimum of $11,793.96 and a maximum of $27,151.74 in medical expenses at the time of removal on June 26, 2017.[80] Defendant has not set forth facts sufficient to show that the damages as to any of Plaintiff's other claims, when totaled in addition to the medical expenses incurred thus far, exceed $75,000. Moreover, the general damages alleged in this case are too speculative for the Court to find by a preponderance of the evidence that they would satisfy the requisite amount in controversy. Therefore, the Court lacks subject matter jurisdiction over the instant action and will remand the case to state court.

---

[79] *Id.* at 1335 ("[I]t is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists." (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961))).

[80] *Id.* at 9–10.

## IV. Conclusion

Based on the reasons stated above, the Court finds that Defendant has not put forth sufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims, if proven, would be worth an amount in excess of $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of October, 2017.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**